**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-07916 |
| **Christopher Shannon Hammonds** | ) | |
| SSN#xxx-xx-6700 | ) | |
| | ) | **Judge Walker** |
| **206 Rachel's Ct** | ) | **Chapter 13** |
| **Hermitage, TN 37076** | ) | |
| DEBTOR(s) | ) | |

_____

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: 11/30/2017**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: 12/13/2017**
at 8:30 a.m. in Courtroom One, Second Floor, 701 Broadway, The Customs House, Nashville, TN 37203

**NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG TERM DEBT PURSUANT TO § 1322(b)(5)**

The Debtor has asked the Court for the following relief: permission to modify the Debtor's plan to provide for claim of Inland Bank/InSolve Auto Funding as a Long Term Debt pursuant to §1322(b)(5)

YOUR RIGHTS MAY BE AFFECTED. IF YOU OR YOUR ATTORNEY DO NOT FILE A RESPONSE TO THIS MOTION BY THE DEADLINE ESTABLISHED ABOVE, YOUR SILENCE WILL BE DEEMED AS ACCEPTANCE OF THE RELIEF SOUGHT IN THIS MOTION.

If you do not want the court to grant the attached motion, or if you want the court to consider your views on the motion, then on or before 11/30/2017 you or your attorney must:

1. File with the court your written response or objection explaining your position at:

   By Mail: U.S. Bankruptcy Court, 701 Broadway, Room 170, Nashville, TN 37203

   In Person: U.S. Bankruptcy Court, 701 Broadway, Room 170, Nashville, TN 37203

   (Monday- Friday, 8:00 a.m. – 4:00 p.m.)

2. Your responses must state that the deadline for filing responses: 11/30/2017, the date of the scheduled hearing is:12/13/2017 and the motion to which you are responding is: MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INALND BANK/INSOLVE AUTO FUNDING AS A LONG TERM DEBT PURSUANT TO §1322(b)(5).
   If you want a file stamped copy returned, you must include an extra copy and a self-addressed, stamped envelope.

3. You must also mail a copy of your response to:

Mary Catherine Gasser, 511 Enon Springs Road, East, Smyrna, TN 37167, and see Certificate of Service for additional parties to serve (attached hereto)

If a timely response is filed, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE**. You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584 or viewing the case on the Court's web site at www.tnmb.uscourts.gov. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy Procedure.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.

| | |
|---|---|
| Date: 11/9/2017 | /s/ MARY CATHERINE GASSER |
| | Mary Catherine Gasser, BPR #030898 |
| | Attorney for Debtors |
| | Gasser Law, PLLC |
| | 511 Enon Springs Road, East |
| | Smyrna, TN 37167 |
| | (615) 459-6130 |
| | Fax: (615) 459-7727 |
| | cgasser@gasserlawoffice.com |

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: ) | Case No. 16-07916 |
| **Christopher Shannon Hammonds** ) | |
| SSN#xxx-xx-6700 ) | |
| ) | **Judge Walker** |
| **206 Rachel's Ct** ) | **Chapter 13** |
| **Hermitage, TN 37076** ) | |
| DEBTOR(s) ) | |

## MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

COMES NOW the Debtor, by and through counsel, and would move this Honorable Court for permission to modify the Chapter 13 plan pursuant to 11 U.S.C. §1329 and to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. §1322(b)(5).

The Debtor's Chapter 13 proceeding was filed on 11/3/2016 confirmed on 12/21/2016, paying a dividend of 20% to unsecured creditors.

As grounds, the Debtor would state the following:

1. The Debtor seeks permission to modify his Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. §1322(b)(5). The terms of the loan are as follows:

    a. The Debtor seeks to finance a 2016 Chrysler 200 Limited Sedan, VIN#1C3CCCAB4GN136574 ("motor vehicle"). The amount to be financed is $13,732.73 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $379.37 beginning 11/18/2017 as a class 3 creditor.

    b. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

    c. Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

    d. The Debtor waives discharge of this post-petition debt to Inland Bank. Inland Bank/InSolve Auto Funding's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

    e. The claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

    f. The Order Confirming Chapter 13 Plan shall be modified to provide that the Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the Debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank.

    g. Should the Debtor default on the plan payments or insurance, Inland Bank shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

2. The Chapter 13 plan shall be modified to increase the Debtor's payments to the Trustee from $71.00 weekly to $159.00 weekly.

3. The base shall be increased to $30,160.47.

4. Except as set forth herein, all other plan provisions of the Order confirming the Debtor's Chapter 13 plan remain unaffected by this modification and no other creditors are affected by this modification.

5. The Debtor seeks permission to modify his plan to reflect these changes.

6. The Debtor's Chapter 13 plan allows such modification and will allow the Debtor to successfully complete his Chapter 13 plan and reorganize his estate.

7. The Chapter 13 Trustee approved the Debtor to obtain financing of this vehicle by letter dated October 5, 2017, attached hereto as Exhibit A.

8. An amended monthly budget is attached hereto as Exhibit B.

## STATEMENT OF IMPACT

4. The dividend to unsecured creditors shall remain 20%.
5. The Debtor's plan payment shall be $159.00 weekly.
6. The new base shall be $30,160.47.
7. No other terms of the confirmation order shall be affected by this modification.

Respectfully submitted,

/s/ MARY CATHERINE GASSER
Mary Catherine Gasser, BPR #030898
Attorney for Debtors
Gasser Law, PLLC
511 Enon Springs Road, East
Smyrna, TN 37167
(615) 459-6130
Fax: (615) 459-7727
cgasser@gasserlawoffice.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: ) | Case No. 16-07916 | |
| Christopher Shannon Hammonds ) | | |
| SSN#xxx-xx-6700 ) | | |
| ) | Judge Walker | |
| 206 Rachel's Ct ) | Chapter 13 | |
| Hermitage, TN 37076 ) | | |
| DEBTOR(s) ) | | |

**PROPOSED ORDER GRANTING MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)**

It appears to the United States Bankruptcy Court for the Middle District of Tennessee that the Debtor filed a Motion to Modify the Chapter 13 plan and provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per § 1322(b)(5) and notice of said motion has been given pursuant to L.B.R. 9013-1 to all parties in interest. It further appears to the Court that twenty-one (21) days have elapsed since the date of service of the motion and no responses have been forthcoming from any party in interest.

It is therefore ORDERED as follows:

1. The Debtor shall be permitted to modify his Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5).
2. The amount to be financed through Inland Bank/InSolve Auto Funding shall be $13,732.73 at a rate of 22%, to be paid by the Chapter 13 Trustee with an ongoing payment of $379.37 beginning 11/18/17.
3. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.
4. The Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.
5. The Debtor shall waive discharge of this post-petition debt to Inland Bank/InSolve Auto Funding. The monthly payments to Inland Bank/InSolve Auto Funding shall be disbursed with all other Class 3 claims.
6. Inland Bank/InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.
7. This claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.
8. The Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the Debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank/InSolve Auto Funding.
9. Should the Debtor default on the plan payments or insurance, Inland Bank/InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank/InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.
10. The Debtor's plan payment shall increase to $159.00 weekly.
11. The dividend to general unsecured creditors shall remain at 20%.
12. The new base shall be $30,160.47.
13. No other terms of the confirmation order shall be affected by this modification.

# PROPOSED

**IT IS SO ORDERED.**

*This order was electronically signed and entered as indicated at the top of the first page.*

Respectfully submitted,

/s/ MARY CATHERINE GASSER
Mary Catherine Gasser, BPR #030898
Attorney for Debtors
Gasser Law, PLLC
511 Enon Springs Road, East
Smyrna, TN 37167
(615) 459-6130
Fax: (615) 459-7727
cgasser@gasserlawoffice.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 9, 2017 I furnished a true and correct copy of the foregoing to the following parties in interest:

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee<br>P.O. Box 340019<br>Nashville, TN 37203-0019 | Electronic |
| Samuel K. Crocker<br>U.S. Trustee<br>318 Customs House<br>701 Broadway<br>Nashville, TN 37203 | Electronic |
| Christopher Hammonds<br>206 Rachel's Ct<br>Hermitage, TN 37076 | U.S. mail first class |
| Inland Bank/InSolve Auto Funding, LLC<br>c/o Capital Recovery Group, LLC<br>PO Box 64090<br>Tucson, AZ  85728-4090 | U.S. mail first class |

And to all the creditors listed below via U.S. mail first class.

| | | |
|---|---|---|
| AVANT CREDIT, INC<br>640 N LA SALLE ST<br>SUITE 535<br>CHICAGO IL 60654 | BADCOCK AND MORE<br>820 NW BROAD ST<br>MURFREESBORO TN 37129 | BARCLAYS BANK DELAWARE<br>PO BOX 8801<br>WILMINGTON DE 19899 |
| CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130 | CARDWORKS/CW NEXUS MERRICK<br>POB 9201<br>OLD BETHPAGE NY 11804 | CASH EXCHANGE<br>246 S. LOWRY STREET<br>SMYRNA TN 37167 |
| CONNS APPLIANCES<br>C/O BECKET & LEE LLP<br>PO BOX 3002 DEPT. CONNS<br>MALVERN PA 19355-1245 | CONNS HOME PLUS<br>3295 COLLEGE ST<br>BEAUMONT TX 77701 | CREDIT FIRST/CFNA BRIDGESTONE<br>BK13 CREDIT OPERATIONS<br>PO BOX 818011<br>CLEVELAND OH 44181 |
| CREDIT ONE BANK NA<br>PO BOX 98873<br>LAS VEGAS NV 89193 | FIRST HERITAGE CREDIT<br>235 WEST NORTHFIELD BLVD STE B<br>MURFREESBORO TN 37129 | PAYPAL<br>PO BOX 5138<br>TIMONIUM MD 21094 |
| SPEEDY CASH<br>PO BOX 780408<br>WICHITA KS 67278 | STONES RIVER CREDIT<br>1004-A MEMORIAL BLVD<br>MURFREESBORO TN 37129 | SUNTRUST<br>PO BOX 26150<br>RICHMOND VA 23260 |

| | | |
|---|---|---|
| SYNCHRONY BANK/AMAZON<br>PO BOX 965064<br>ORLANDO FL 32896 | SYNCHRONY BANK/CARE CREDIT<br>PO BOX 965064<br>ORLANDO FL 32896 | SYNCHRONY BANK/LOWES<br>PO BOX 965064<br>ORLANDO FL 32896 |
| SYNCHRONY BANK/WALMART<br>PO BOX 965064<br>ORLANDO FL 32896 | AMERICAN GENERAL<br>FINANCIAL/SPRINGLEAF FI<br>SPRINGLEAF FINANCIAL/ATTN:<br>BANKRUPTCY DE<br>PO BOX 3251<br>EVANSVILLE IN 47731 | |

Total number of parties served: 24

/s/ MARY CATHERINE GASSER
Mary Catherine Gasser, BPR #030898
Attorney for Debtors
Gasser Law, PLLC
511 Enon Springs Road, East
Smyrna, TN 37167
(615) 459-6130
Fax: (615) 459-7727
cgasser@gasserlawoffice.com

# Gasser Law, PLLC

511 Enon Springs Road, East
Smyrna, TN 37167
Office: 615-459-6130 Fax: 615-459-7727

---

October 5, 2017

Re:  Christopher Hammonds
     206 Rachel's Ct
     Hermitage, TN 37076
     Middle District of TN Chapter 13 No. 3:16-07916

To Whom It May Concern:

Please be advised that the above referenced Debtor has been given authorization as evidenced by the signature of the Chapter 13 Trustee below to obtain an extension of credit to purchase a vehicle. The principal amount of the loan is not to exceed $15,000.00 at no more than 22% interest with a regular monthly payment not to exceed $400.00 monthly. Debtor is seeking financing through Inland Bank.

The Debtor is in need of vehicle in order to fully fund the Chapter 13 plan. Debtor's previous vehicle is an older vehicle that continues to have mechanical problems.

The Debtor's Chapter 13 plan payments shall remain at $71.00 weekly as reflected in the amended family monthly budget attached hereto. The Debtor attended a Money Management Workshop at the Chapter 13 Trustee's office and a certificate of competition was entered on October 4, 2017.

Respectfully,
/s/Mary Catherine Gasser
Mary Catherine Gasser
Attorney for Debtor

Henry E. Hildebrand, III
Digitally signed by Henry E. Hildebrand, III
DN: cn=Henry E. Hildebrand, III, o=Chapter 13 Trustee, ou=Ch13, email=hank@ch13bna.com, c=US
Date: 2017.10.11 11:27:19 -05'00'

Henry E. Hildebrand, III
Chapter 13 Trustee

**THIS APPROVAL IS ONLY VALID FOR THREE (3) MONTHS FROM ABOVE DATE.**

Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                      )
                            )
                            )   CASE NO.
                            )   CHAPTER [12 or 13]
Debtor(s).                  )   JUDGE
                            )

## AMENDED MONTHLY FAMILY BUDGET

|  | Prior Budget* | Current Budget* |
|---|---|---|
| Dates of Budgets: | _____ | _____ |

**EXPENSES**

Rent/Mortgage Payment: _____ _____

| Utilities: | Prior* | Current* |
|---|---|---|
| Electric: | _____ | _____ |
| Water: | _____ | _____ |
| Heat: | _____ | _____ |
| Telephone/Internet | _____ | _____ |
| Trash: | _____ | _____ |
| Cable/Satellite: | _____ | _____ |
| Other (_____): | _____ | _____ |

**Total Utilities:** _____ _____

Food: _____ _____
Clothing: _____ _____
Laundry & Dry Cleaning: _____ _____
Newspapers, Books, etc.: _____ _____
Medical & Dental Expenses: _____ _____
Transportation:

Insurance (not deducted from wages):

| Auto: | _____ | _____ |
|---|---|---|
| Life: | _____ | _____ |
| Home: | _____ | _____ |
| Renters: | _____ | _____ |
| Other (_____): | _____ | _____ |

**Total Insurance:** _____ _____

Taxes (not deducted from wages) _____ _____
Child Support _____ _____
Home Maintenance _____ _____
Other Monthly Expenses (_____): _____ _____

**TOTAL MONTHLY EXPENSES:** _____ _____

APPENDIX B
AMENDED MONTHLY FAMILY BUDGET

**INCOME**                                                          Prior Budget*   Current Budget*
Debtor's Gross Income:                                              _____       _____
Spouse's Gross Income:                                              _____       _____
Payroll Deductions:          Prior*    Current*
    Payroll Taxes:       _____   _____
    401(k):              _____   _____
    Other (_____):  _____   _____
    Total Payroll Deductions:                              _____       _____
Other Regular Income:
    Support/Alimony:     _____   _____
    Pension/SS/VA:       _____   _____
    Other (_____):  _____   _____
    Total Other Regular Income:                            _____       _____

**TOTAL MONTHLY INCOME:**                                           _____       _____

**SUMMARY:**
**Total Monthly Income (from above):**       _____             _____
**minus Total Monthly Expenses (from page 1):**                    _____       _____
**equals Monthly Surplus:**                  _____             _____

**Monthly Plan Payment:**                    _____             _____
**Duration of Plan (months):**                                     _____         _____
**Dividend to Unsecured Creditors (%):**                           _____         _____
**Secured Creditors Affected:**
    _____          _____         _____
    _____          _____         _____

* Explain any increase or decrease in income, expenses, or dividend that exceeds 10%:
_____
_____
_____
_____


                                        _____
                                          (Debtor)

                                        _____
                                          (Date)

                                        _____
                                          (Debtor)

                                        _____
                                          (Date)

APPENDIX B
AMENDED MONTHLY FAMILY BUDGET